IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

PAUL M. STANLEY,                        *

     Plaintiff,                        *

vs.                                     *          CASE NO. 3:07-CV-08 (CDL)

TOYOTA MOTOR SALES, U.S.A.,             *
INC.,
                                    *

     Defendant.                        *

_____

O R D E R

This action arises from an automobile accident during which Plaintiff Paul M. Stanley's air bags failed to deploy.  Presently pending before the Court is Defendant Toyota Motor Sales, U.S.A., Inc.'s Motion for Summary Judgment (Doc. 19).  As discussed below, the Court grants Defendant's motion.

STANDARD

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). The moving party has the burden of showing that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  This burden can be met by showing that the non-moving party will be unable to "establish the existence of an element essential to

1

[the non-moving party's] case, and on which [the non-moving party] will bear the burden of proof at trial." *Id.* at 322.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there *is* a genuine issue of material fact. *Id.* at 324. A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue if the evidence would allow a reasonable jury to find for the non-moving party. *Id.* In other words, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In determining whether the parties have met their respective burdens, the Court resolves "all reasonable doubts about the facts in favor of the non-movant, and draw[s] all justifiable inferences in his . . . favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotation marks and citation omitted). Additionally, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988) (internal quotation marks and citation omitted).

FACTUAL BACKGROUND

On December 13, 2005, Plaintiff Paul Stanley was involved in a single-vehicle accident during which his 2000 Toyota Celica crossed the center line and collided with a stone sign, a fire hydrant, and several trees before coming to rest.  Plaintiff was intoxicated at the time of the accident, and he later pled guilty to DUI.

The Celica's air bags did not deploy during the accident despite extensive damage to the vehicle.  Immediately following the accident, Plaintiff suspected some sort of mechanical problem caused the air bags' failure, and Plaintiff's father took photographs of the Celica in the days following the accident.  (Pl.'s Dep. 132:11-18, 181:3-17, 182:24-183:2, Oct. 5, 2007.)  The Celica remained at Plaintiff's father's home for approximately one month, after which it was sold for salvage by Plaintiff's insurer.  (Ex. D to Def.'s Mot. for Summ. J. at CAA00014.)  Plaintiff's father specifically asked that the salvage company wait to retrieve the vehicle until January 5, 2006 because the air bags did not deploy and he was "having someone look at it." (*Id.* at CAA00010.)  The salvage company retrieved the Celica from Plaintiff's father's home on January 9, 2006.  (*Id.* at CAA00004.)  On January 11, 2006, Plaintiff went to the salvage yard to remove his personal items from the vehicle.  (*Id.* at CAA00024.) The salvage yard sold the Celica on February 27, 2006, and the vehicle left the salvage yard on March 3, 2006.  (*Id.* at CAA00006.)

3

On December 11, 2006, Plaintiff filed a civil action in the Superior Court of Athens-Clarke County alleging that the failure of the Celica's air bags caused his injuries.  Defendant removed the case to this Court on January 19, 2007.  After several amendments to the discovery deadlines in the scheduling order, the parties were required to make expert designations under Federal Rule of Civil Procedure 26(a)(2) on or before April 18, 2008.  (Am. Scheduling Order, Apr. 7, 2008.)  Discovery was to be complete by June 19, 2008.  (*Id.*)  Defendant filed the presently pending motion for summary judgment on May 20, 2008.  For the following reasons, the Court grants Defendant's motion.

## DISCUSSION

Plaintiff alleges that the failure of the Celica's air bags was the proximate cause of his injuries, and he asserts four theories of recovery: (1) strict liability; (2) breach of warranty; (3) failure to warn; and (4) negligence.  Plaintiff also seeks punitive damages and attorney fees.  Defendant argues that it is entitled to judgment in its favor because (1) Plaintiff failed to make its expert designations by the deadline in the Amended Scheduling Order and (2) Plaintiff permitted the Celica to be sold for salvage before the vehicle was inspected for the alleged product defect.  Defendant argues that without expert testimony and/or the vehicle itself, Plaintiff cannot meet his burden of demonstrating that a defect in the Celica's air bag system was the proximate cause of Plaintiff's

4

injuries.  The Court agrees.  Plaintiff has failed to direct the Court to any evidence in the record establishing the existence of the defect upon which each of his claims is predicated.[1]  The Court therefore finds that Defendant is entitled to summary judgment as to each of Plaintiff's claims.

## I.  Strict Liability

Plaintiff first contends that Defendant is strictly liable for Plaintiff's injuries.  Under Georgia law,[2]

> [t]he manufacturer of any personal property sold as new property . . . shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

O.C.G.A. § 51-1-11(b)(1).  "To recover under this theory, [Plaintiff] must show a defect existed in the product at the time it was sold to him or otherwise came under his control."  *Jenkins v. Gen. Motors Corp.*, 240 Ga. App. 636, 636-37, 524 S.E.2d 324, 325 (1999) (footnote omitted).  Plaintiff contends that the air bags did not deploy after

---

[1]Additionally, Plaintiff has failed to direct the Court to evidence sufficient to create a genuine issue of material fact as to whether the air bags' failure to deploy was the proximate cause of his injuries.

[2]A federal court sitting in diversity must apply the choice of law rules of the forum state.  *See, e.g., Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006).  Georgia follows the rule of *lex loci delicti*, under which "tort cases are governed by the substantive law of the state where the tort was committed."  *Id.* It is undisputed that Plaintiff's injury was sustained in Georgia, and the parties point the Court to no evidence that any other state's substantive law applies in this case.  The Court will therefore apply Georgia law.

a serious collision and argues that this failure to deploy is evidence of a defect in the air bag system. However, Georgia courts have squarely rejected the argument that the failure of a mechanical system is itself evidence of an original defect in the product. *Id.* at 637, 524 S.E.2d at 325; *see also Miller v. Ford Motor Co.*, 287 Ga. App. 642, 644, 653 S.E.2d 82, 84 (2007) (rejecting plaintiffs' effort to rely solely upon their own assertion that an air bag did not deploy to show that manufacturing defect existed in air bag system); *Firestone Tire & Rubber Co. v. Jackson Transp. Co.*, 126 Ga. App. 471, 473, 191 S.E.2d 110, 113 (1972) ("The mere fact of a tire blowout does not demonstrate the manufacturer's negligence, nor tend to establish that the tire was defective. Blowouts can be attributed to myriad causes . . . ." (internal quotation marks omitted)). Because Plaintiff has failed to direct the Court to evidence establishing the existence of a defect in the Celica's air bag system, Defendant is entitled to summary judgment on Plaintiff's strict liability claim.[3]

---

[3]The Court also notes that Plaintiff sued Defendant Toyota Motor Sales, U.S.A., Inc., which was the distributor of the Celica; however, Toyota Motor Corporation, which was not sued in this case, is the manufacturer and designer of the Celica. (Def.'s Mot. for Summ. J. 7 n.2.) Defendant contends that it informed Plaintiff of this distinction in its discovery responses. (*Id.*) Under Georgia law, "an action for strict liability can be maintained against a manufacturer, but not against a mere seller of a product." *Dean v. Toyota Indus. Equip. Mfg., Inc.*, 246 Ga. App. 255, 256, 540 S.E.2d 233, 234-35 (2000); *see also* O.C.G.A. § 51-1-11.1(b) ("For purposes of a product liability action based in whole or in part on the doctrine of strict liability in tort, a product seller is not a manufacturer . . . and is not liable as such."). Because the Court finds that Plaintiff has failed to produce sufficient evidence that the Celica or its air bag system was defective, the Court does not reach the issue of whether the proper defendant was sued in this case.

## II.  Breach of Warranty

Plaintiff also brings claims for breach of warranty.[4]  "The standard whether there has been a breach of warranty by a retailer, like the standard imposed under strict liability upon a manufacturer, is whether the product sold or manufactured was defective."  *Ream Tool Co. v. Newton*, 209 Ga. App. 226, 229, 433 S.E.2d 67, 71 (1993) (emphasis omitted).  Again, Plaintiff has failed to direct the Court to sufficient evidence to permit a reasonable juror to find that the Celica's air bag system was defective.  Plaintiff has directed the Court to no evidence, expert or otherwise, from which the Court could conclude that the Celica's air bags should have deployed in this particular accident.[5]  *See, e.g., Flury v. Daimler-Chrysler Corp.*, 427 F.3d 939, 945 n.12 (11th Cir. 2005) (finding that the exclusion of expert's testimony would "leave[] plaintiff without any evidence that the airbag should have deployed under the circumstances of plaintiff's accident").  In the absence of such evidence, summary

---

[4]Although Plaintiff alleges breaches of express warranty and the implied warranty of merchantability, (Compl. ¶ 39), Plaintiff directs the Court to no evidence of the express warranty he contends was breached.

[5]The Court recognizes that Plaintiff's breach of implied warranty claim may not require expert testimony.  *McDonald v. Mazda Motors of Am., Inc.*, 269 Ga. App. 62, 68, 603 S.E.2d 456, 461 (2004) ("Breach of implied warranty may be proven without expert testimony to show that a product is defective and that the defect existed from the time of manufacture.").  However, Plaintiff still has the burden of pointing out *some* evidence, expert or otherwise, to substantiate his claims.  Plaintiff does name Herb Hoffman as an expert witness "ready and able at any time to give his expert opinion and deposition."  (Pl.'s Resp. to Def.'s Mot. for Summ. J. 6.)  The fact that Plaintiff's expert is allegedly waiting in the wings, ready to provide an opinion that the Celica's air bags were defective, is not evidence sufficient to allow Plaintiff to survive summary judgment.

judgment in favor of Defendant is warranted. *See Jenkins*, 240 Ga.
App. at 637, 524 S.E.2d at 325-26 (affirming summary judgment in
favor of defendant as to plaintiff's breach of implied warranty of
merchantability claim because plaintiff "failed to show any probative
evidence that [defendant] was responsible for the truck's brake
failure").

## III. **Failure to Warn**

Plaintiff also alleges that "[u]pon learning of the defects and
unreasonably dangerous condition of its cars and its air bags,
Defendant failed to warn individuals, such as Plaintiff . . . of the
dangers inherent in the design, quality control, testing, and
manufacturing process selected by the Defendant" and that this
failure "resulted in additional injuries and damages to Plaintiff."
(Compl. ¶¶ 34-35.)  Again, Plaintiff's claim is predicated on the
existence of "defects" in Defendant's cars and air bags.  (*See id.*)
Without pointing the Court to evidence of these defects, Plaintiff
cannot maintain a failure to warn claim.  *See, e.g., Boswell v. OHD
Corp.*, 292 Ga. App. 234, 236, 664 S.E.2d 262, 263 (2008) (holding
that summary judgment was appropriate on plaintiff's failure to warn
claim when claim was predicated on the allegation that product was
defectively designed and manufactured and plaintiff failed to provide
sufficient evidence of such defect); *Miller*, 287 Ga. App. at 645, 653
S.E.2d at 85 (same).

## IV.  Negligence

Just as with his other claims, Plaintiff must prove the existence of a defect in order to recover for Defendant's alleged negligence.  "The sine qua non of a products liability claim, regardless of whether the plaintiff proceeds under a theory of strict liability or negligence, is a defect in the product." *Boswell*, 292 Ga. App. at 235, 664 S.E.2d at 263.  Again, Plaintiff has pointed to no evidence of a defect in the air bag system; he simply asserts that the air bag did not deploy.  In effect, Plaintiff asks the Court to apply the doctrine of res ipsa loquitur to establish negligence in this case.  "Res ipsa loquitur is an evidentiary based rule which provides for an inference of negligence to arise from the occurrence of an injury-causing incident . . . ." *Ken Thomas of Ga., Inc. v. Halim*, 266 Ga. App. 570, 573, 597 S.E.2d 615, 618 (2004).  The doctrine applies only when the following elements are present:

> (1) injury of a kind which does not ordinarily occur in the absence of someone's negligence; (2) it must be caused by an agent or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Id.*  (internal quotation marks omitted).  Under Georgia law, the doctrine of res ipsa loquitur is not applicable when the alleged negligence relates to the failure of a mechanical system in a vehicle because "an injury allegedly caused by a mechanical failure in a car is not of a kind that does not occur in the absence of someone's negligence."  *Id.*  The failure of the Celica's air bag system,

without more, is simply not enough evidence to establish negligence on the part of Defendant. *See, e.g., Jenkins*, 240 Ga. App. at 637, 524 S.E.2d at 325 (holding that the "failure of automobile brakes, without more, does not establish evidence of negligence"); *see also Miller*, 287 Ga. App. at 645, 653 S.E.2d at 84 (rejecting plaintiffs' effort to rely on res ipsa loquitur to prove that an air bag's failure to deploy was evidence of negligence on the part of the manufacturer). Defendant is therefore entitled to summary judgment on Plaintiff's negligence claim.

CONCLUSION

In sum, each of Plaintiff's claims is predicated on the existence of a defect in the Celica's air bag system. Plaintiff therefore bears the burden of responding to Defendant's motion for summary judgment by directing the Court to evidence in the record from which a reasonable jury could conclude that such defect existed. Plaintiff has failed to meet this burden. Accordingly, the Court grants Defendant's motion for summary judgment as to each of Plaintiff's claims.

IT IS SO ORDERED, this 20th day of October, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE